UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHAWNTANE BRACEY,                              Case No.

                Plaintiff,                 **COMPLAINT**

-against-

                                              **Jury Trial Demanded**

DANIEL WAINSTEIN and JENNIFER
WAINSTEIN,

                Defendants.
------------------------------------------------------------X

      Plaintiff Chawntane Bracey (hereinafter as "Plaintiff" or "Bracey"), by and through his undersigned attorneys, hereby files his Complaint against Defendant Daniel Wainstein (hereinafter as "Daniel") and Defendant Jennifer Wainstein (hereinafter as "Jennifer") (collectively as "Defendants") upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. Plaintiff Bracey was employed by Defendants. During his employment with the Defendants, Defendants failed to pay him as required by law. Throughout Plaintiff Bracey's employment with Defendants, he consistently worked in excess of 40 hours per week, but Defendants never paid his time -and-one-half for those hours. Furthermore, Defendants promised Plaintiff a salary of $70,000 without overtime, which Defendants breached said agreement when the Plaintiff was not paid the full compensation.

2. Plaintiff Bracey alleges pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §§ 201 *et. seq.* ("FLSA") that they are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

3. Plaintiff Bracey further allege that, pursuant to the New York Labor Law ("NYLL") that they are entitled to recover from Defendants: (1) unpaid overtime, (2) statutory penalties for wage notice and wage statement violations, (3) liquidated damages and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this district and because Defendants' business is located in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

7. That at all times hereinafter mentioned, Plaintiff Bracey was and is a resident of Westchester County, New York.

8. That at all times hereinafter mentioned, Defendant Daniel was and is a resident of the State of New York.

9. That at all times hereinafter mentioned, Defendant Daniel was and is the owner of the business entity known as "Mastiff Group, LLC d/b/a Madison Counseling Services LLC".

10. That at all times hereinafter mentioned, Defendant Daniel is the spouse of Defendant Jennifer.

11. That at all times hereinafter mentioned, Defendants reside at the premises designed and more commonly known as 445 East 80th Street, 12th Floor New York, NY 10075.

12. That at all times hereinafter mentioned, Defendant Daniel exercised control over the employment terms and conditions of the Plaintiff.

13. That at all times hereinafter mentioned, Defendant Daniel had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiff.

14. That at all times hereinafter mentioned, employees could complain to Defendant Daniel directly regarding any of the terms of their employment, and Defendant Daniel would have the authority to effect any changes to the quality and terms of employees' employment.

15. That at all times herein relevant, Defendant Daniel is an employer within the meaning of the NYCHRL, the FLSA and the Labor Law.

16. That at all times relevant to this action, Defendant Daniel was a supervisor of Plaintiff.

17. That at all times hereinafter mentioned, Defendant Jennifer was and is resident of the State of New York.

18. That at all times hereinafter mentioned, Defendant Jennifer exercised control over the employment terms and conditions of the Plaintiff.

19. That at all times hereinafter mentioned, Defendant Jennifer had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiff.

20. That at all times hereinafter mentioned, employees could complain to Defendant Jennifer directly regarding any of the terms of their employment, and Defendant Jennifer would

have the authority to effect any changes to the quality and terms of employees' employment.

21. That at all times herein relevant, Defendant Jennifer is an employer within the meaning of the NYCHRL, the FLSA and the Labor Law.

22. That at all times relevant to this action, Defendant Jennifer was a supervisor of Plaintiff.

## FACTUAL ALLEGATIONS

Wage and Hour Violations

23. That at all times herein relevant, on October 1, 2018, Plaintiff Bracey commenced his employment with Defendants.

24. That at all times herein relevant, Plaintiff Bracey would typically provide car services to and from Defendants' home address located at the premises designed and more commonly known as 445 East 80th Street, 12th Floor New York, NY 10075.

25. That at all times herein relevant, immediately with Plaintiff's hire, the Defendants started violating the Rules, Regulations, Codes, Statutes and Laws of the State of New York by refusing to pay proper wages to the Plaintiff.

26. That at all times herein relevant, Plaintiff also provided services from other locales (both business and personal related) as directed by Defendant Daniel.

27. That at all times herein relevant, Plaintiff Bracey was hired as a personal chauffer to work with Defendants.

28. That at all times herein relevant, Plaintiff Bracey satisfactorily performed his duties and responsibilities and his work performance as above average.

29. That at all times herein relevant, Plaintiff Bracey was a non-exempt employee of Defendants.

30. That at all times herein relevant, Plaintiff Bracey worked consistently five (5) days (Monday- Friday) from 7:00a.m. to 7:00p.m, approximately 12 hours per day with the Defendants.

31. That at all times herein relevant, on average once a week, Plaintiff Bracey worked from 7:00 a.m. to 10:00 p.m., approximately fifteen (15) hours per day.

32. That at all times herein relevant, from the onset of Plaintiff's employment, Plaintiff Bracey provided his W-4, direct deposit and all other appropriate tax information to Defendant Daniel.

33. That at all times herein relevant, despite Plaintiff providing the required employment documentation, Defendant Daniel decided to pay Plaintiff Bracey by a personal check from Chase Bank without making the proper deductions required by New York State Law, as well payment via other methods (such as Venmo).

34. That at all times herein relevant, Defendant Janet would pay Plaintiff Bracey via his Venmo account, as well as personal check.

35. That at all times herein relevant, Defendant Daniel paid Plaintiff Bracey in cash and via personal check.

36. That at all times herein relevant, at the time of hire, Plaintiff agreed with Defendants, that Plaintiff would receive a salary of $70,000 without overtime,

37. That at all times herein relevant, Defendants breached said agreement in the Plaintiff was not paid the full compensation.

38. That at all times herein relevant, since the commencement of Plaintiff's employment until November 2018, Plaintiff Bracey received $899.00 per week.

39. That at all times herein relevant, from December 2018 until the end January 2018, Plaintiff received $1,000 per week.

40. That at all times herein relevant, from the beginning of February 2019 until his termination of July 24, 2019, Plaintiff Bracey received $1,047.86 per week.

41. That at all times herein relevant, during Plaintiff Bracey's employment with Defendants, Plaintiff Bracey worked in excess of forty (40) hours per week.

42. That at all times herein relevant, Defendants failed to provide Plaintiff Bracey a wage notice or wage statements upon his hire or at any point during his employment.

43. That at all times herein relevant, although Plaintiff Bracey worked over forty per week, Defendants failed to pay Plaintiff Bracey at the required overtime premium rate.

44. On March 15, 2019, Plaintiff Bracey complained via emailed to Defendants in regards of being paid without making the proper deductions, payroll issues and requested to be provided with a 1099 to properly file his taxes, to no avail.

45. That at all times herein relevant, Plaintiff Bracey continued to complain on various occasions.

46. That at all times herein relevant, in clear retaliation of his complaints, Plaintiff Bracey was terminated from his position of employment with Defendants on July 24, 2019.

47. On August 5, 2019, Plaintiff Bracey filed for unemployment.

48. That at all times herein relevant, in response, Plaintiff Bracey received documentation from the Department of Labor stating that Plaintiff Bracey did not work for "two calendar quarters of your base period".

49. That at all ties herein relevant, Defendants never reported Plaintiff Bracey was an employee and/or paid taxes on his salary.

50. That at all times herein relevant, Defendants never provided Plaintiff Bracey with any policies regarding his rights under the wage and hour laws. Upon information and belief, Defendants did not have written policies regarding any of these subjects during the period of Plaintiff Bracey's employment.

51. That at all times herein relevant, Plaintiff would protest and complain to Defendants about this unlawful employment practices.

52. Defendants knowingly and willfully operated their business with a policy of not paying the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiffs.

53. Defendants' actions and conduct were and are intentional and intended to harm the Plaintiff.

54. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

55. As Defendants' conduct has been willful, reckless, outrageous, intentional, and/or malicious, Plaintiff also demands punitive damages in an amount, which exceeds the jurisdictional limits of all lower Courts.

## **FIRST CAUSE OF ACTION**
**Fair Labor Standard Act – Unpaid Overtime**

56. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

57. Defendants are employers within the meaning of 29 U.S.C §§ 203(e) and 206(a), and employed Plaintiff.

58. Defendants were required to pay Plaintiff one and one-half (1 ½) times the regular rate of pay/applicable minimum wage rate for all hours worked in excess of 40 hours in a workweek.

59. Defendants failed to pay Plaintiff the overtime wages to which he is entitled to under the FLSA.

60. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

61. Defendants' violations of the FLSA described above have been willful, and therefore, a three year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. § 255(a).

62. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**New York Labor Law – Overtime Wages**

63. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

64. Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff one and one half (1 ½) times the regular rate of pay/applicable minimum wage rate for all hours he worked in excess of forty.

65. Defendants failed to pay Plaintiff the overtime wages to which he is entitled to under the NYLL.

66. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

67. As a result of Defendants willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre-judgment and post-judgment interest,

attorneys' fees, and costs and disbursements of this action pursuant to NYLL §§ 663(1),*et seq*.

### THIRD CAUSE OF ACTION
**New York Labor Law – Wage Theft Prevention Act**

68. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

69. Defendants violated NYLL § 195(1) by failing to furnish Plaintiff at the time of hiring and on or before February 1st of each subsequent year of employment (when applicable), with a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designed by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical addressof the employer's main office of principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

70. Due to Defendants' violations of NYLL§ 195(1), Plaintiff is entitled to statutory penalties of $50.00 for each workday that Defendants failed to provide wage notices, up to a maximum of $5,000, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided by NYLL§ 198(1-b).

71. Defendants violated NYLL § 195(3) by failing to furnish Plaintiff with each payment of wages and accurate statement listing the dates of work covered by that payment or wages; name of employee; name of employer; address and phone number of employer; rate of rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked;

gross wages, deductions, allowances, if any, claimed as part of the minimum wage; and net wages.

72. Through their failure to provide Plaintiff with wage statements as required by the NYLL, Defendants have violated NYLL § 190,*et seq*. and the supporting New York State Department of Labor Regulations.

73. Due to Defendants' violation of NYLL§195(3), Plaintiff is entitled to statutory penalties of $250.00 for each workweek that Defendants failed to provide them with accurate wage statements, or a total of $5,000, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL § 198(1-d).

## FOURTH CAUSE OF ACTION
### New York Labor Law – Record Keeping Violations

74. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

75. At all times relevant to this action, Defendants were and are required to establish, maintain and preserve for not less than six years, weekly payroll records that show for each employee, among other information, true and accurate payroll records and the number of hours worked daily and weekly, including the time of arrival and departure of each employee.  NYLL § 195(4); 12 N.Y.C.R.R. § 142-2.6.

76. Defendants violated the applicable NYLL and NYCRR provisions by not maintaining and preserving Plaintiff's time of arrival and departure.

## FIFTH CAUSE OF ACTION
### NYLL – Retaliation

77. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

78. Plaintiff was an employee of Defendants within the meaning of the NYLL.

79. Defendants are employers within the meaning of the NYLL.

80. NYLL § 215(1) states, in part, "No employer or his or her agent, or the officer of agent of any corporation, partnership, or limited liability company…shall discharge, threaten, penalize or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer…or his or her authorized representative…that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter…[or] (iii) because such employee has caused to be instituted or is about to institute a proceeding under or related to this chapter…or (v) because such employee has otherwise exercised rights protected under this chapter…"

81. While employed by the Defendants, Plaintiff complained to the Defendants about Defendants' unlawful practices, policies and procedures of not being paid proper wages and misclassifying him as an independent contractor.

82. Plaintiff's complaints to Defendants constituted a protected activity under NYLL § 215.

83. A causal connection exists between Plaintiff's complaints of improper pay practices and misclassification, and Defendants' decision to terminate his employment.

84. Further, Defendants threatened Plaintiff after they became informed that Plaintiff was intending to commence a lawsuit against Defendants for improper pay practices and misclassification as an independent contractor.

85. Defendants violated NYLL § 215 by retaliating against Plaintiff by threatening Plaintiff and terminating his employment due to his complaints about Defendants' unlawful pay practices, policies and procedures and misclassification as an independent contractor.

### SIXTH CAUSE OF ACTION
### CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. §7434(a)

86. Plaintiff repeats and realleges each and every allegation of the precedingparagraphs hereof with the same force and effect as though fully set forth herein.

87. By failing to provide Plaintiff with accurate IRS Forms W-2 for all of the tax years during which he was employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff as compensation for all of the work performed during the course of employment with the Defendants, and failingto properly report employee income and withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. §7434.

88. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under applicable state and federal law;

B. Declaring that Defendants violated the overtime provisions of the FLSA, NYLL and supporting New York State Department of Labor Regulations;

C. Declaring that Defendants violated the notice provisions of the NYLL and Wage Theft Prevention Act;

D. Declaring that Defendants violated the provisions of 26 U.S.C. §7434;

E. Declaring that the Defendants retaliated against Plaintiff by terminating his employment due to his complaints of unlawful pay practices, policies and procedures and misclassification as an independent contractor and awarding Plaintiff a recovery for damages sustained;

F. Enjoining future violations of the FLSA and NYLL by Defendants;

G. Declaring that Defendants' violations of the FLSA and NYLL were willful;

H. Awarding Plaintiff unpaid overtime wages;

I. Awarding Plaintiff statutory penalties for Defendants failure to furnish wage notices and/or wage statements pursuant to the NYLL.

J. Awarding Plaintiff liquidated and/or punitive damages in amount equal to the total amount of wages found to be due, pursuant to the FLSA and NYLL;

K. Awarding damages to the Plaintiff, retroactive to the date of his termination, for all lost wages and benefits resulting from the Defendants' unlawful employment practices in an amount that exceeds the jurisdictional limit of all lower courts;

L. Awarding Plaintiff reasonable attorney's fees, costs and expenses of the action under the FLSA and NYLL; and,

M. Awarding Plaintiff pre-judgment and post-judgment interest under the FLSA and NYLL; and

N. Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.


Dated: November 7, 2019
      New York, New York

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Leopold Raic*
_____

Leopold Raic (LR4202)
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400

*Counsel for Plaintiff*