

225 Broadway, Suite 1405
New York, New York 10007
T: (212) 385-0066  F: (212) 385-2117
dsblawny.com

William J. Dealy (1946-2012)
Milo Silberstein
Marc D. Braverman
Laurence J. Lebowitz

Amanda E. Maguire
Erica J. Weser

———————

Jack Weinberg
Albert J. Soler
*Of Counsel*

November 24, 2020

**VIA ECF**
**& EMAIL**

The Honorable Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007
VyskocilNYSDChambers@nysd.uscourts.gov

      **Re:**    **Chawntane Bracey v. Daniel Wainstein, et al.**
             **S.D.N.Y. Case No.: 19-cv-10356-MKV**

Dear Judge Vyskocil:

      This firm represents Defendants Daniel Wainstein and Jennifer Wainstein (collectively, "Defendants").  Please allow this letter to serve as the parties' joint letter pursuant to the Court's Order dated October 30, 2020 and Your Honor's Individual Rules of Practice in Civil Cases.

**I.**       **Plaintiff's Statement of the Nature of the Case.**

      In the above entitled matter, Plaintiff Bracey was employed by the Defendants as a non-exempt employee on October 1, 2018 and worked until July 24, 2019.  At the time of hire, Plaintiff was offered (and accepted) to be paid $70,000.00 per year for a 40-hour work week (i.e. $33.65 per hour / $1,346.15 per week).

      Despite said offer and acceptance of employment on these terms, Plaintiff was forced to work five (5) days per week from 7:00 a.m. to 7:00 p.m. and on average at least one day a week

(the day would vary) his shift would end at 10:00 p.m.  In total, Plaintiff worked approximately 63 hours per week despite being told he would have a 40 hour work week.

Plaintiff was not paid one penny for the extra hours worked. He was not paid an overtime rate or a regular rate for the additional 23 hours he worked each week.

Furthermore, Plaintiff was not even paid the $1,346.15 per week promised (putting aside the extra hours for purposes of argument); instead plaintiff was only paid $899.00 per week from October 1, 2018 to November 29, 2018, $1,000.00 per week from December 6, 2018 to January 31, 2019 and $1,047.86 per week from February 7, 2019 until July 18, 2019 and $1,000.00 in the last week of employment.  Even with the higher payment of $1,047.86, $298.29 ($1,346.15 - $1,047.86) was deducted as payroll withholdings from the Plaintiff's pay, but NEVER sent in to the State and Federal governments. In other words, the Defendants simply stole this amount from Plaintiff's pay on a weekly basis. Plaintiff discovered that the Defendants did not report his income or make any payment to the State or Federal government for payroll withholdings/deductions when defendants refused to provide him with a W2 despite his insistence[1].

Where "an employer's records are inaccurate or inadequate, an employee needs only present 'sufficient evidence to show the amount and extent of [the uncompensated work] as a matter of just and reasonable inference.' Alladin v. Paramount Management, LLC, 1:12-cv-04309, No. 23 (S.D.N.Y. Aug. 27, 2013) (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946)). An employee may "meet this burden through estimates based on his [or her] own recollection." Id.

Defendants maintained a pattern and practice of failing to (a) pay Plaintiff, the proper and promised wages for all hours worked, (b) failed to pay the Plaintiff one-and-one half (1 ½) times the regular hourly rate for all the overtime hours worked (in excess of forty per week) and (c) failed to pay Employer's portion of social security, disability or worker's compensation for the Plaintiff and (d) pay the amounts withheld from Plaintiff paycheck as tax withholdings on behalf of the Plaintiff.

Defendants failed to make any of the payroll tax/withholdings and provide the Plaintiff with an accurate IRS Forms W-2.  Defendants failed to properly record, account for, report and PAY to the IRS and the State all monies deducted from the Plaintiff.  These actions are in clear violation of 26 U.S.C. §7434(a), requiring a civil penalty of $5,000.00.

Defendants also failed to furnish annual wage notices and wage statements and failed to maintain an accurate record keeping of hours worked and wages paid to Plaintiff and similarly situated employees.

Defendants violated NYLL § 195(1) by failing to furnish Plaintiff at the time of hiring, with a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift,

---

[1] Plaintiff's insistence that Defendants pay the amounts withheld from his pay resulted in a retaliatory termination in violation of the law.

day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designed by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office of principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law. Due to Defendants' violations of NYLL§ 195(1), Plaintiff is entitled to statutory penalties of $50.00 for each workday that Defendants failed to provide wage notices, up to a maximum of $5,000, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided by NYLL§ 198(1-b).

Defendants violated NYLL § 195(3) by failing to furnish Plaintiff with each payment of wages and accurate statement listing the dates of work covered by that payment or wages; name of employee; name of employer; address and phone number of employer; rate of rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages, deductions, allowances, if any, claimed as part of the minimum wage; and net wages.

Through their failure to provide Plaintiff with wage statements as required by the NYLL, Defendants have violated NYLL § 190,et seq. and the supporting New York State Department of Labor Regulations.  Due to Defendants' violation of NYLL§195(3), Plaintiff is entitled to statutory penalties of $250.00 for each workweek that Defendants failed to provide them with accurate wage statements, or a total of $5,000, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL § 198(1-d).

Plaintiff also seeks to recover damages to redress the injuries he suffered as the result of being retaliated against by Defendants for complaining about improper pay practices in violation of NYLL § 215, which requires a civil penalty of $20,000.00.

Defendants have systematically and repeatedly ignored the requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the New York Labor Law § 190, et seq. ("NYLL").  Plaintiff seeks relief for Defendants' unlawful actions, including compensation for unpaid wages, overtime wages, liquidated damages, pre- and post-judgment interest, compensatory damages, civil penalties and attorneys' fees and costs, pursuant to the FLSA and NYLL.

**II.     Defendants' Position and Defenses.**

Defendants deny Plaintiff's claims in their entirety.  With respect to Plaintiff's claims that he was not properly compensated for alleged overtime worked in violation of the FLSA and the NYLL, Defendants respectfully submit that the evidence will demonstrate that Plaintiff never worked more than forty (40) hours per week and that Plaintiff has been compensated for all hours worked at the appropriate wage rates.

Defendants also made complete and timely payment of all wages due.  Pursuant to New York Labor Law Section 198 and <u>Ahmed v. Morgans Hotel Group Management, LLC</u>, 54 Misc.3d 1220(A)(NY Cty. 2017), aff'd 160 A.D.3d 555 (1st Dep't. 2018), an employer is not liable for

failure to provide a wage notice under the NYLL if an employee always made an amount equal to or above the minimum wage through his or her employment.

Additionally, Plaintiff executed a general release in or around July 2019 in exchange for payment of $1,047.  Thereafter, in or around August 2019, Plaintiff commenced an action in the Civil Court of the City of New York, Small Claims Part, in which he sought payment of $4,672 for alleged nonpayment of wages and unpaid taxes, which action was subsequently abandoned.

With respect to Plaintiff's contention that he was terminated in retaliation for allegedly raising wage complaints to Defendants, Defendants also deny those claims in their entirety.  As a threshold matter, Plaintiff never made any such complaints to Defendants.  Notwithstanding the foregoing, Plaintiff's employment was terminated for cause after, *inter alia*, Defendants discovered through the use of GPS and On-Star Records that Plaintiff was improperly utilizing Defendants' vehicle for Plaintiff's own personal use.

## III.    Subject Matter Jurisdiction and Venue.

This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this district and because Defendants' business is located in this district.

Defendants do not dispute that the Court has subject matter jurisdiction over this matter and that venue is proper in this Court.  However, Defendants dispute Plaintiff's contention that the location of "Defendants' business" is a proper basis for venue.  In this regard, Defendants are unaware of what business Plaintiff is referring to and, to the extent Plaintiff is referring to Defendant Daniel Wainstein's business Mastiff Group, LLC d/b/a Madison Counseling Services LLC", that business is not a party to this dispute, nor did it, at any relevant time, employ Plaintiff. Nonetheless, Defendants do reside in this district and thus venue is proper in this Court.

## IV.    Procedural Posture, Case Management Plan and Settlement.

Plaintiff filed the Complaint in this matter on November 7, 2019. (Dkt. No. 1). On February 14, 2020, the Court issued an Order directing Plaintiff to serve the summons and complaint by no later than March 13, 2020 (Dkt. No. 5).  Shortly thereafter, opn February 14, 2020, Plaintiff filed an Affidavit of Service stating that Defendants were purportedly served on November 16, 2019. (Dkt. No. 6).  On October 23, 2020, Plaintiff filed a motion for a default judgment (Dkt. No. 8).  On October 25, 2020, Defendants, through counsel, appeared in this matter and requested an extension of time to respond to the Complaint, which was granted.  (Dkt. Nos. 11, 13).  On October 30, 2020, Defendants filed their Answer.  (Dkt. No. 14).

At this time, there are no motions are pending before the Court.

To date, the parties have exchanged Initial Disclosures.  Plaintiff has also served his initial discovery requests on Defendants.  The parties anticipate engaging in written discovery and then conducting depositions of key fact witnesses.

The Parties have met and conferred (by phone, due to the COVID-19 crisis) pursuant to the Court's Order to discuss settlement and the use of alternative dispute resolution.  At this juncture, the Parties do not believe a settlement is possible.  However, the Parties intend to revisit these settlement discussions after each side has completed document discovery and the depositions of key witnesses, and will, if necessary, request a referral from the Court for mediation or a settlement conference before the assigned Magistrate Judge.

Lastly, enclosed herewith is the parties' proposed Case Management Plan for Your Honor's review and approval.

Respectfully submitted,

DEALY SILBERSTEIN & BRAVERMAN, LLP

By: _____/s_____
    Milo Silberstein
*Attorneys for Defendants Daniel Wainstein and Jennifer Wainstein*
225 Broadway, Suite 1405
New York, New York 10007
(212) 385-0066
msilberstein@dsblawny.com

MS/am
Enclosure

5